**FILE COPY**

# IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

BENITA M. WALSH and her husband,  )
TERRY WALSH,  )
   )
         Plaintiffs  )  No. V-22-327
   )
vs.  )  Judge Jenne
   )
LEONEL LOZANO OLVEDA and  )  JURY DEMAND
FREIGHTSOL TEX, LLC, a Texas  )
Limited Liability Company,  )
   )
         Defendants  )

# COMPLAINT

## COUNT I

Come now the plaintiffs, Benita M. Walsh and her husband, Terry Walsh, by and through their attorneys, and for their cause of action state:

I.

Benita M. Walsh and her husband, Terry Walsh, plaintiffs, are residents of Cleveland, Bradley County, Tennessee. The defendant, Leonel Lozano Olveda, is a resident of Texas and can be served with process at 12115 Doc Adams, Laredo, TX 78045. The defendant, Freightsol Tex, LLC, is a Texas Limited Liability Company and can be served through its registered agent: Robert G. Garza, 12115 Doc Adams, Laredo, TX 78045.

These defendants are being served pursuant to Tennessee Code Annotated §20-2-203 through 20-2-207. As such, as set out in Tennessee Code Annotated §20-2-203(e), defendant, Leonel Lozano

Olveda, and a representative of defendant, Freightsol Tex, LLC, are each subject to appear in Cleveland, Bradley County, Tennessee, for the purpose of giving a pre-trial discovery deposition.

II.

On or about July 13, 2021, at approximately 5:15 p.m., plaintiff, Benita M. Walsh, was operating a 2020 Ford Mustang and traveling north on Interstate 75 in Bradley County, Tennessee. At approximately the same time, defendant, Leonel Lozano Olveda, was operating a 2021 Freightliner tractor-trailer and also traveling north on Interstate 75. As plaintiff, Benita M. Walsh, continued her lane of travel, suddenly, and without warning, defendant, Leonel Lozano Olveda, moved over into her lane of travel, colliding with her vehicle and knocking it into the median. The actions of the defendant, Leonel Lozano Olveda, caused a hard or violent collision. This motor vehicle collision was caused as a direct and proximate result of the negligence of the defendant, Leonel Lozano Olveda, in the way in which he operated the 2021 Freightliner tractor-trailer prior to, and at the time of, the collision. The plaintiffs aver that the 2021 Freightliner tractor-trailer driven by the defendant, Leonel Lozano Olveda, was owned by the defendant, Freightsol Tex, LLC, and was being operated with permission and within the course and scope of his employment with defendant, Freightsol Tex, LLC. The defendant, Leonel Lozano Olveda, drove the subject vehicle on behalf of Freightsol Tex, LLC as a statutory employee of Freightsol Tex, LLC.

III.

Among the specific acts of negligence on the part of the defendant, Leonel Lozano Olveda, were:

1.   Failing to keep a proper lookout ahead;

2. Failing to operate the vehicle as an ordinary and prudent person would have done under existing traffic conditions;

3. Failing to keep the vehicle under due and proper control;

4. Driving the vehicle in an excessive rate of speed for existing traffic conditions;

5. Improper lane change in violation of his/her common law duties and the provisions of *Tennessee Code Annotated* §55-8-123; and

6. Failure to yield right of way in accordance with *Tennessee Code Annotated* §55-8-197.

These common law acts of negligence, recklessness and illegal actions, including the violation of *Tennessee Code Annotated* §§55-8-123 and 55-8-197, proximately caused the collision.

Defendant, Leonel Lozano Olveda, operated the 2021 Freightliner tractor-trailer, prior to and at the time of the collision, within the course and scope of his employment and authority with the defendant, Freightsol Tex, LLC, who was responsible for the acts of its employee, defendant, Leonel Lozano Olveda, under the theories of family purpose, *respondeat superior* and vicarious responsibility under the Vehicle Registration Law pursuant to certain statutes of the State of Tennessee, to wit:

> **T.C.A. Section 55-10-311. Prima facie evidence of ownership of automobile and use in owner's business.**
>
> **T.C.A. Section 55-10-312. Registration prima facie evidence of ownership and that operation was for owner's benefit.**

IV.

The plaintiffs aver that as a direct and proximate result of these acts of negligence on the part of the defendant, the plaintiffs, Benita M. Walsh and her husband, Terry Walsh, were caused to suffer the following injuries and incur the following damages:

1. Severe and/or painful permanent and/or temporary injuries caused by the defendant's negligence and/or wrongful actions;

2. Pain, mental anguish and suffering, past and/or future;

3. If applicable, loss of wages and/or loss earning capacity;

4. Medical and hospital expenses, past and any likely to be incurred in the future;

5. Loss of enjoyment of life; and

6. Loss of consortium on the part of Terry Walsh, husband of plaintiff, Benita M. Walsh.

Plaintiffs aver that these damages were incurred as a direct and proximate result of the negligence of the defendant described above.

V.

Plaintiffs sue the defendants for personal injuries and seeks fair, just and reasonable compensation from the defendant in an amount that the jury deems just and appropriate but no more than an amount up to **ONE HUNDRED FIFTY THOUSAND AND NO/100 ($150,000.00) DOLLARS** on behalf of plaintiff, Benita M. Walsh, and an amount up to **TWENTY-FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS** on behalf of plaintiff, Terry Walsh.

**WHEREFORE**, the plaintiffs demand a judgment against the defendants in an amount that the jury deems just and appropriate but no more than an amount up to **ONE HUNDRED FIFTY THOUSAND AND NO/100 ($150,000.00) DOLLARS** on behalf of plaintiff, Benita M. Walsh, and an amount up to **TWENTY-FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS** on behalf of plaintiff, Terry Walsh, and demand a jury to try the issues, when joined. The plaintiffs give notice of requesting the Rule (Tennessee Rules of Evidence 615) with regard to sequestration of witnesses.

## COUNT II

### (Not to be read to the jury)

The plaintiffs incorporate Count I as if fully set out herein in Count II.

1. The plaintiffs were insureds and/or beneficiaries of medical payments coverage from/with the unnamed defendant, Safeco Insurance Company of Illinois, Claim No.: 046610725-01.

2. Plaintiffs request this Honorable Court to determine the appropriate entitlements of the plaintiffs under the subject insurance policies referenced herein including medical payments coverage and appropriate reductions of the same due to the plaintiffs' rights pursuant to the doctrines of made whole and common fund, as well as any pre-judgment interest.

3. The plaintiffs have complied with all requirements to apply for/establish a claim under the subject insurance policy.

**WHEREFORE**, plaintiffs request this Honorable Court to award the plaintiffs all benefits to which they may be entitled under the subject medical payments coverage.

Respectfully submitted,

McMAHAN LAW FIRM

By: _____

James R. Kennamer, BPR #16172
Attorneys for Plaintiffs
P.O. Box 11107
Chattanooga, TN 37401
423/265-1100
Fax: 423/266-1981
jay@mcmahanlawfirm.com